ELLEN F. ROSENBLUM
Attorney General
SHANNON M. VINCENT #054700
Senior Assistant Attorney General
YOUNGWOO JOH #164105
Assistant Attorney General Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Shannon.M.Vincent@doj.state.or.us
YoungWoo.Joh@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JEFFERSON PACKING HOUSE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TINA KOTEK, in her official capacity as Governor of the State of Oregon, ELLEN ROSENBLUM, in her official capacity as Attorney General of the State of Oregon, and STEVE MARKS, in his official Capacity as Executive Director of the Oregon Liquor and Cannabis Commission,<br><br>Defendants. | Case No. 3:22-cv-01776-AR<br><br>DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br><br>**Fed. R. Civ. P. 12(b)(1), (6)** |

## CERTIFICATE OF CONFERRAL

Pursuant to L.R. 7-1(a)(1)(A), defense counsel certifies that the parties made a good faith effort to resolve the dispute in this motion by telephone but were unable to do so.

## MOTION

Plaintiff Jefferson Packing House, LLC, is an Oregon recreational marijuana wholesaler challenging Oregon statutes that prohibit the exportation of marijuana and marijuana products.

Page 1 -   DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
           SMV/mm8/687377993

Plaintiff alleges that ORS 475C.001(2)(c) and ORS 475C.229 (which Plaintiff refers to as Oregon's "export ban") violate the dormant Commerce Clause. (Compl., Dkt. #1, ¶ 8). Plaintiff seeks declaratory and injunctive relief under 42 U.S.C. § 1983 and 28 U.S.C. § 2201, in the form of a declaration that Oregon's export ban is unconstitutional and an injunction forbidding the State from enforcing it. (*Id.* at p. 8). Put differently, Plaintiff asks the Court to exercise its equitable powers to abolish Oregon's export ban and open the State's borders to the exportation of marijuana and marijuana products, to give Plaintiff "the opportunity to market and sell [its] products in other states." (*Id.* at ¶ 7).

If this case involved state regulations relating to marionberries, there would be little debate as to whether the dormant Commerce Clause applies. Marionberries are part of a national market, where state regulations might unduly burden or discriminate against otherwise lawful interstate commerce. But this case is not about the commerce of marionberries. It is about the commerce of marijuana, a substance that Congress exercised its affirmative Commerce Clause power to eliminate from any form of lawful interstate commerce. 21 U.S.C. § 801 et seq.; *see* 21 U.S.C. §§ 812(c)(10) (listing marijuana as Schedule 1 controlled substance), 841(a)(1) (criminalizing the possession, use and distribution of marijuana).

Against this backdrop, Defendants move to dismiss this case for two reasons. First, Defendants move to dismiss this case under Federal Rule of Civil Procedure 12(b)(1) because Plaintiff lacks standing under Article III. Plaintiff lacks standing because federal law, like Oregon law, prohibits the exportation of marijuana and marijuana products. As such, Plaintiff's alleged injuries are not likely to be redressed by the relief that it is seeking. Second, Defendants move to dismiss this case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, because the dormant Commerce Clause does not apply. That doctrine prohibits states from treating interstate and intrastate commerce differentially. Here, however, there is no interstate commerce to treat differentially. Indeed, Congress exercised its Commerce Clause powers to *forbid* interstate commerce of marijuana.

Page 2 -    DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
            SMV/mm8/687377993

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

This motion is based on the following memorandum of law and the pleadings on file.

## MEMORANDUM OF LAW

I.     **Statement of Facts.**

    A.     **Plaintiff's claims.**

Plaintiff Jefferson Packing House, LLC, "is an Oregon limited liability company, located in Jackson County, Oregon, that holds a recreational marijuana wholesaler license under Oregon law." (Compl., Dkt. #1, ¶ 9). Plaintiff alleges that it "would export marijuana and marijuana products to other states with legal marijuana programs if Oregon's export ban did not prohibit it from doing so." (*Id.* at ¶ 10). Plaintiff alleges that Oregon's export ban "significantly limit[s] Plaintiff's] available customer base and drastically increase[es] its costs by preventing it from taking advantage of economies of scale." (*Id.* at ¶ 11). Plaintiff alleges that Oregon's export ban "significantly limit[s] the universe of potential customers it can reach" and prevents it from "increas[ing] its ability to profit." (*Id.* at ¶ 28).

Plaintiff brings its claims in this case under the United States Constitution's dormant Commerce Clause, 42 U.S.C. § 1983, and 28 U.S.C. § 2201. Plaintiff claims that ORS 475C.001(2)(c) and ORS 475C.229 unduly burden and discriminate against interstate commerce. (*Id.* at ¶¶ 8, 16-37).

    B.     **Oregon's export ban.**

Federal law prohibits, with criminal penalties, the cultivation, sale, or possession of marijuana that has any connection to interstate commerce. Oregon, like a number of other states, has legalized such conduct for medical and adult (recreational) use wholly within the State. The Adult and Medical Use of Cannabis Act at ORS 475C.005 to 475C.525 was established in part to "establish a comprehensive regulatory framework concerning marijuana under existing state law" and to "permit persons licensed, controlled and regulated by this state to legally manufacture and sell marijuana to persons 21 years of age and older." ORS 475C.001(1)(c)–(d). ORS 475C.229 prohibits the out-of-state exportation of marijuana and marijuana products.

Page 3 -   DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
SMV/mm8/687377993

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

1. **ORS 475C.001(2)(c).**

ORS 475C.001(2)(c) provides in relevant part: "The People of the State of Oregon intend that the provisions of ORS 475C.005 to 475C.525, together with other provisions of state law, will . . . Prevent the diversion of marijuana from this state to other states . . . ."

Although Plaintiff alleges that ORS 475C.001(2)(c) is part of Oregon's export ban (Compl., Dkt. #1, ¶ 16), ORS 475C.001(2)(c) does not impose any ban on the exportation of marijuana or marijuana products. It expresses an intent to prevent the diversion of marijuana from this state to other states. In other words, an intent to prevent criminal behavior. *See also, e.g.*, ORS 475C.177(1)–(2)(a) (providing that "The Oregon Liquor and Cannabis Commission [('OLCC')] shall develop and maintain a system for tracking the transfer of marijuana items between premises for which licenses have been issued" for purposes including "[p]reventing the diversion of marijuana items to criminal enterprises, gangs, cartels and other states[.]"); ORS 475C.181 ("Except as otherwise provided by law, [OLCC] has any power, and may perform any function, necessary for the commission to prevent the diversion of marijuana from licensees to a source that is not operating legally under the laws of this state."); ORS 475C.185 (granting OLCC the authority to "seize marijuana items from a licensee if circumstances create probable cause for the commission to conclude that the licensee has . . . [e]ngaged, or is engaging, in the unlawful diversion of marijuana items[.]").

2. **ORS 475C.229.**

Under ORS 475C.229(2), "A person may not . . . export marijuana items from this state." A violation may be classified as a Class A misdemeanor, Class B violation, or Class C felony, depending on factors set forth in the statute. ORS 475C.229(3)–(4).

C. **Controlled Substances Act.**

Federal law prohibits all commerce in marijuana via the Controlled Substances Act at 21 U.S.C. §§ 801-904.

Page 4 -   DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
          SMV/mm8/687377993

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Under the Controlled Substances Act, marijuana[1] is a Schedule I controlled substance. 21 U.S.C. § 812(c)(10). Distribution of Schedule I controlled substances is illegal under the Act, which provides:

> Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
>
> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . .

21 U.S.C. § 841(a)(1).

## II.    Applicable Legal Standards for Rule 12(b) motions.

### A.    Rule 12(b)(1).

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a case for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). In a Rule 12(b)(1) motion, a defendant may raise justiciability issues like standing. *See, e.g.*, *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313 (9th Cir. 2017) (raising standing). The legal standard that applies to a Rule 12(b)(1) motion depends on whether it asserts a facial challenge or a factual challenge.

A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When—as here—a defendant brings a facial challenge, the Court resolves the Rule 12(b)(1) motion "as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). The court need not, however, "accept conclusory allegations or legal characterizations as true." *Oregon Wild v. Connor*, Case No. No. 6:09-CV-00185-AA, 2012 WL 3756327, *1 (D. Or. Aug. 27, 2012).

---

[1] The Controlled Substances Act defines "the term 'marihuana' [as] . . . all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin." 21 U.S.C. § 802(16)).

Page 5 -    DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
           SMV/mm8/687377993

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

A factual challenge asserts that subject-matter jurisdiction does not exist, independent of what is stated in the complaint. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In contrast with a facial challenge, a court taking up a factual challenge "may look beyond the complaint to matters of public record," *id.*, and extrinsic evidence, *Safe Air for Everyone*, 373 F.3d at 1039.

"Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coal. v. Env't Prot. Agency*, 509 F.3d 1095, 1105 n.1 (9th Cir. 2007). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**B.    Rule 12(b)(6).**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests a complaint's legal sufficiency. *North Star Int'l. v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted).

A court must accept as true all material allegations in a complaint and construe the allegations in the complaint in the light most favorable to the plaintiff. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). However, a court need not accept as true legal conclusions, conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, amended by 275 F.3d 1187 (9th Cir. 2001). A court may also consider certain materials outside of the complaint, such as matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Page 6 -    DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
SMV/mm8/687377993

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

### III.     Legal Argument.

#### A.     Plaintiff lacks Article III standing because its alleged injuries are not likely to be redressed by the relief that it is seeking.

Article III, section 2, of the United States Constitution limits federal jurisdiction to "cases" and "controversies." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976). To satisfy the "irreducible constitutional minimum of standing," a plaintiff must show an "injury in fact" that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561. Here, Plaintiff cannot meet this jurisdictional prerequisite because its alleged injuries are not likely to be redressed by the relief that it is seeking in this case.

Redressability requires that it be "be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* To demonstrate redressability, litigants must show that they "personally would benefit in a tangible way from the court's intervention." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 134 (1998). "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *Id.* at 107; *c.f.*, *McNamara v. City of Chicago*, 138 F.3d 1219, 1221 (7th Cir. 1998) ("A plaintiff who would have been no better off had the defendant refrained from the [allegedly] unlawful acts of which the plaintiff is complaining does not have standing under Article III of the Constitution to challenge those acts in a suit in federal court.").

As relevant here, both Oregon law and federal law prohibit interstate commerce in marijuana. *See* ORS 475C.001(2)(c); ORS 475C.229; 21 U.S.C. § 802(16), 812(b)(1), 812(c)(10), 841(a)(1). Thus, an order striking down Oregon's export ban is unlikely to redress Plaintiff's alleged injury (alleged limits on its available customer base and its inability to take advantage of economies of scale (Compl., Dkt. #1, ¶¶ 11, 28)) because—even without Oregon's export ban—it would still be illegal under federal law for Plaintiff to export marijuana and marijuana products to other states. *See Renne v. Geary*, 501 U.S. 312, 318–19 (1991) (finding

Page 7 -   DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
           SMV/mm8/687377993

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

"reason to doubt" that invalidating a state constitutional provision would redress voters' alleged First Amendment injury because an unchallenged state statute "might be construed" to prohibit the same conduct as the challenged provision); *Harp Adver. Ill., Inc. v. Vill. of Chicago Ridge*, 9 F.3d 1290, 1291-3 (7th Cir. 1993) (rejecting First Amendment challenge to ordinances regulating billboards for lack of redressability because even if the ordinances were declared unconstitutional, a separate unchallenged ordinance would independently prevent plaintiff from erecting the proposed billboard); *Midwest Media Prop. L.L.C. v. Symmes Twp.*, 503 F.3d 456, 461-63 (6th Cir. 2007) (same).

Moreover, to satisfy Article III's redressability requirement, a litigant must "show that there would be a 'change in a legal status'" as a consequence of a favorable decision "and that a 'practical consequence of that change would amount to a significant increase in the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered.'" *Renee v. Duncan*, 686 F.3d 1002, 1013 (9th Cir. 2012) (quoting *Utah v. Evans*, 536 U.S. 452, 464 (2002)). "There is no standing if, following a favorable decision, whether the injury would be redressed would still depend on 'the unfettered choices made by independent actors not before the courts.'" *Novak v. U.S.*, 795 F.3d 1012, (9th Cir. 2015) (quoting *ASARCO Inc. v. Kadish*, 490 U.S. 605, 615 (1989)).  Here, any relief that Plaintiff would take from a declaration that Oregon's export ban is unconstitutional and an injunction forbidding the State from enforcing it is inextricably linked to the independent discretionary actions of third parties who are not before the Court (*i.e.*, federal law enforcement agents charged with enforcing the Controlled Substances Act, who may still prevent Plaintiff from selling marijuana across state lines).  Accordingly, Plaintiff's claim is too speculative to satisfy Article III's redressability requirement.

In sum, the Court should dismiss this case for lack of subject matter jurisdiction because Plaintiff lacks Article III standing for its claims.  Plaintiff cannot establish that its injuries are likely to be redressed by the relief that it is seeking.  Even if Plaintiff were to win this case, it would still be illegal under federal law for Plaintiff to export marijuana and marijuana products.

Page 8 -   DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
SMV/mm8/687377993

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

### B. Plaintiff fails to state a claim for relief because the dormant Commerce Clause does not apply.

The Commerce Clause grants Congress the power "[t]o regulate interstate commerce . . . among the several States." U.S. Const. art. I, § 8, cl. 3. This affirmative grant of authority to Congress also has a "negative" or "dormant" aspect, which prohibits a state from enacting legislation that unduly burdens or discriminates against interstate commerce when Congress has not acted to regulate the matter—that is, when Congress's power lies dormant. *Tenn. Wine & Spirits Retailers Ass'n v. Thomas*, 139 S. Ct. 2449, 2465 (2019).

When Congress has not acted to regulate a matter of interstate commerce, state laws that discriminate against out-of-state businesses and products are presumptively invalid. *See Granholm v. Heald*, 544 U.S. 460, 492–93 (2005). "[T]he absence of federal legislation," is the common thread in dormant Commerce Clause cases, *City of Philadelphia v. New Jersey*, 437 U.S. 617, 623 (1978), based on the idea that Congress generally "has left it to the courts to formulate the rules to preserve the free flow of interstate commerce." *S. Dakota v. Wayfair*, 138 S. Ct. 2080, 2089–90 (2018) (quotation marks omitted). But "when Congress exercises its power to regulate commerce by enacting legislation, the legislation controls." *Id.*

Here, Congress has exercised its power to regulate interstate commerce of marijuana, and the dormant Commerce Clause therefore does not apply. Specifically, Congress has explicitly prohibited that market entirely. The Controlled Substances Act categorically prohibits any cultivation, transport, sale, or possession of marijuana that has any effect on interstate commerce. 21 U.S.C. § 801 et seq.; *see Gonzales v. Raich*, 545 U.S. 1, 12-22 (2005). The dormant Commerce Clause cannot apply to protect a national and free market among the States in a commodity for which Congress has declared that there shall be no interstate market at all.

In enacting the Controlled Substances Act, Congress, exercising its Commerce Clause power, "devised a closed regulatory system" in which "the manufacture, distribution, or possession of marijuana became a criminal offense." *Gonzales*, 545 U.S. at 13–14. Congress

Page 9 -    DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
SMV/mm8/687377993

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

exercised that power precisely to "exclud[e] Schedule I drugs [(which include marijuana[2])] entirely from the market." *Id.* at 26; *see also* 21 U.S.C. §§ 812(b)-(c), 841(a)(1). By deeming marijuana a Schedule I controlled substance, Congress expressly and unambiguously declared that marijuana cannot be an object of trade or commerce for any purpose. *See Gonzales*, 545 U.S. at 27 ("The [Controlled Substances Act] designates marijuana as contraband for *any* purpose." (emphasis in original)).

In other words, not only is there is no congressional silence from which the Court can infer that Congress intended to preserve a free interstate market for marijuana and marijuana products, but also there is Congressional action under the Commerce Clause to foreclose that market entirely. As the Eighth Circuit has put it, "marijuana is contraband and thus not an object of interstate trade protected by the Commerce Clause." *Predka v. Iowa*, 186 F.3d 1082, 1085 (8th Cir. 1999). Because the dormant Commerce Clause "protects the [particular] interstate market, not particular interstate firms," *Exxon Corp. v. Governor of Maryland*, 437 U.S. 117, 127-28, as far as dormant Commerce Clause protections go, an illicit market is the same as no market at all. Without a legal national market, it makes no sense to pursue the dormant Commerce Clause's "fundamental objective" of "preserving a national market for competition." *Gen. Motors Corp. v. Tracy*, 519 U.S. 278, 299-300 (1997); *see also Tenn. Wine*, 139 S. Ct. at 2459 (noting that the function of the dormant Commerce Clause is to "preserve[] a national market for goods and services").

Here, Oregon's export ban does not "impede[] free private trade in the national marketplace" or "interfere with the natural functioning of the interstate market" or "prohibit access to an interstate market" because there is no national marketplace for marijuana or marijuana products. *Cf. Gen. Motors Corp.*, 519 U.S. at 287. Plaintiff's dormant Commerce Clause claims thus fail as a matter of law because the rationale underlying the clause—to promote a free market for a product if Congress has not regulated it—does not apply. Congress

---

[2] 21 U.S.C. § 812(c)(10).

Page 10 -   DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
            SMV/mm8/687377993

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

has made clear that marijuana shall not be a part of interstate commerce.  Thus, the Court should dismiss this case with prejudice.  Fed. R. 12(b)(6).

## IV.  Conclusion.

For the foregoing reasons, the Court must dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim for relief.

DATED January   20  , 2023.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ Shannon M. Vincent*
SHANNON M. VINCENT #054700
Senior Assistant Attorney General
YOUNGWOO JOH #164105
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Shannon.M.Vincent@doj.state.or.us
Of Attorneys for Defendants Kotek, Rosenblum, and Marks

Page 11 -  DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
SMV/mm8/687377993

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000